IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLGER FIALLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23-cv-02923 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| TWO BOSTONS INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff's motion for default judgment [10] is granted. Plaintiff is awarded permanent injunctive relief subject to the modification discussed in the accompanying Statement. Enter Final Judgment Ordering Permanent Injunctive Relief as to Defendant. Plaintiff shall promptly serve Defendant with a copy of the Preliminary Injunction Order. Any request by Plaintiff for remedies based on Defendant's failure to comply with the Permanent Injunction Order shall be made by motion. Civil case terminated.

**STATEMENT**

Plaintiff Holger Fiallo is legally blind and requires screen reader software to navigate the internet. While attempting to purchase Defendant Two Bostons Inc.'s ("TBI") pet products on the internet, Fiallo found that TBI's website was not sufficiently compatible with his screen reader program. He therefore brought the present action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, alleging that TBI's website is not accessible to individuals with visual disabilities. Fiallo served TBI on May 24, 2023, and to date, TBI has failed to answer or appear in this action. This Court has already entered default against TBI pursuant to Federal Rule of Civil Procedure 55(a). Fiallo now seeks entry of default judgment pursuant to Federal Rule Civil Procedure 55(b), including the issuance of a permanent injunction requiring TBI to take a number of measures designed to ensure its website is accessible to the visually impaired. (Dkt. No. 10.)

Rule 55 governs the entry of default and default judgment. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982) ("Although Rule 55(a) refers to entry of default by the clerk, it is well-established that a default also may be entered by the court." (citation omitted)). "The basic effect of an entry of default . . . is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (internal quotation marks omitted). Once the default has been

established, the plaintiff must move for the entry of default judgment under Rule 55(b) for a determination as to its entitlement to the relief it seeks. *VLM Food Trading*, 811 F.3d at 255. "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

As an initial matter, the Court finds that Fiallo's allegations plead a viable claim under Title III of the ADA. Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). While the Seventh Circuit has never squarely held that a website is a place of public accommodation under Title III, it has declined to interpret the term as exclusively "denoting a physical site, such as a store or a hotel." *Morgan v. Joint Admin. Bd., Ret. Plan of the Pillsbury Co. & Am Fed'n of Grain Millers, AFL-CIO-CLC*, 268 F.3d 456, 459 (7th Cir. 2001); *see also Doe v. Mut. of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999) ("The core meaning of [Title III] is that the owner or operator of a store, hotel, restaurant, dentist's office, travel agency, theater, **Web site**, or other facility (whether in physical space or in ***electronic space***) that is open to the public cannot exclude disabled persons from entering the facility and, once in, from using the facility in the same way that the nondisabled do." (emphasis added) (citation omitted)). Accordingly, district courts in this Circuit have concluded that "Title III of the ADA governs websites that otherwise satisfy the statutory definition of 'places of public accommodation' under 42 [U.S.C.] § 12181(7)." *Wright v. Thread Experiment, LLC*, No. 1:19-cv-01423-SEB-TAB, 2021 WL 243604, at *3 (S.D. Ind. Jan. 22, 2021); *see also McCabe v. Tire Web LLC*, No. 23-cv-459-pp, 2024 WL 4144200, at *5 (E.D. Wis. Sept. 11, 2024); *McCabe v. Heid Music Co.*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *4 (E.D. Wis. Mar. 19, 2024). This Court agrees that Title III is applicable to websites.

As alleged in the complaint, TBI uses its website to make retail sales of pet food, toys, and other pet products. Thus, the Court finds that TBI's website is a place of public accommodation. *See* 42 U.S.C. § 12181(7)(E) (defining "public accommodation" to include sales establishments). Further, Fiallo's allegations plead that TBI's website is not sufficiently compatible with screen reader software such that it is not fully accessible to individuals with visual impairments. In line with other district courts that have addressed substantially similar allegations on default judgment, *Tire Web*, 2024 WL 4144200, at *6; *Heid Music*, 2024 WL 1174352, at *5; *Wright*, 2021 WL 243604, at *3, the Court concludes that Fiallo's complaint establishes that TBI violated Title III of the ADA.

After liability is established for purposes of a default judgment motion, it is still necessary for the plaintiff to "establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). As a remedy for TBI's Title III violation, Fiallo seeks injunctive relief, which is the only relief available to plaintiffs under Title III of the ADA. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013). To obtain a permanent injunction, Fiallo must show:

> (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy

in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Here, Fiallo has demonstrated his entitlement to a permanent injunction. He has shown that he has suffered irreparable injury from his inability to purchase products from TBI's website and that he will continue to be deprived of equal access to its website absent an injunction. *Tire Web*, 2024 WL 4144200, at *6 (holding that the plaintiff established irreparable injury due to the barriers that made it impossible for her to purchase goods from the defendant's website); *Heid Music*, 2024 WL 1174352, at *7 (finding irreparable injury from the plaintiff's deprivation of access to the defendant's website); *Wright*, 2021 WL 243604, at *4 ("Plaintiff's allegations show that he suffered an injury in that he was subjected to discrimination because Defendant's website is not in compliance with the ADA and thus not accessible to him and others with vision impairments."). Further, as discussed above, injunctive relief is the only remedy available to him under Title III. The balance of hardships also favor Fiallo, since TBI is only being asked to incur the costs necessary to bring its website into compliance with the ADA—a cost all businesses with public accommodations must incur under the ADA. *Tire Web*, 2024 WL 4144200, at *7 *Heid Music*, 2024 WL 1174352, at *7. Finally, "the public has a strong interest in eliminating discrimination and in enforcing the ADA." *Wright*, 2021 WL 243604, at *4 (internal quotation marks omitted). Each of the factors therefore demonstrate that a permanent injunction is proper.

While the Court finds that Fiallo is entitled to a permanent injunction, the Court declines to grant him the exact injunction he seeks. Specifically, Fiallo requests that the Court issue an injunction that sets forth over a dozen measures for TBI to take to bring its website into compliance with the ADA. Among other things, he would have TBI retain a mutually agreed upon consultant at its own expense who would then assist TBI in improving the accessibility of its website and creating a website accessibility policy. In granting injunctive relief, a district court must ensure that its injunction is "broad enough to be effective" but nonetheless has discretion in determining its scope. *Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 307 (7th Cir. 2010). It also must be mindful of "the rule requiring courts to tailor injunctive relief to the scope of the violation found." *e360*, 500 F.3d at 604 (internal quotation marks omitted). The Court believes that the detailed measures prescribed by Fiallo's proposed injunction are disproportionate to the Title III violation alleged.

At least two district courts have addressed at the default-judgment stage the propriety of injunctive relief nearly identical to that proposed by Fiallo. While one district court largely adopted the proposed measures, *Heid Music*, 2024 WL 1174352, at *5–8, this Court finds more persuasive the analysis of the *Tire Web* court. That district court criticized the proposed measures as "seek[ing] to dictate the exact manner that the defendant must use to bring its website into compliance with the ADA" and went "far beyond the scope of the violation the court has identified." *Tire Web*, 2024 WL 4144200, *7. Instead, the *Tire Web* court found that it was enough to issue an injunction that simply required that the defendant "ensure its website is compliant with ADA" and refused to "allow the plaintiff to micromanage that process." *Id.* Likewise, this Court is unconvinced that the allegations concerning TBI's website's incompatibility with screen reader programs justify the extensive remedial measures sought by

Fiallo. Indeed, those measures seem likely to balloon TBI's costs of compliance well beyond what is necessary to fix those issues identified by Fiallo.

      The Court sees no reason why TBI should not be afforded flexibility in how it goes about making its website accessible to the visually impaired—at least initially. If TBI fails to comply with the Court's order and further court action, such as contempt proceedings, are necessary, Fiallo may request more stringent requirements (in addition to penalties for noncompliance). At this point, however, the Court rejects Fiallo's proposed injunction and will order only that TBI bring its website into compliance with the ADA without dictating the methods by which it does so. *Id.* Consistent with the permanent injunctions issued by the courts in *Tire Web*, 2024 WL 4144200, at *7, and *Wright*, 2021 WL 243604, at *5, this Court will permanently enjoin TBI from operating, utilizing, or maintaining its website unless and until it is in full compliance with Title III of the ADA. "To the extent that [TBI] does not comply with the injunction, [Fiallo] may bring litigat[ion] to enforce the injunction." *Tire Web*, 2024 WL 4144200, at *7.

Dated: September 30, 2024

                                      Andrea R. Wood
                                      United States District Judge